STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff & Putative
Class Members

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MAX VERDI,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT LUNA, KATHRYN BARGER, HILDA SOLIS, JANICE HAHN, HOLLY MITCHELL, LINDSEY HORVATH, and 10 UKNOWN NAMED DEFENDANTS<br><br>Defendants. | **COMPLAINT**<br><br>**CLASS ACTION ALLEGATIONS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge |

Plaintiff makes the following allegations in support of the this complaint:

**JURISDICTION AND VENUE**

1. Plaintiff asserts his federal claims, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of these federal claims.

//

1

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Southgate , and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff is a person who has been subjected to Los County Jail police brutality and thuggery, and defendants are the county sheriff, in both his individual and official capacities, and the members of the board of supervisors.

4. Defendants, each and all are sued in *both* their individual and official capacities, but only in their official capacities for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued only in their official capacities.

5. Plaintiff is a person who was brutalized and subjected to thuggery and subjected to constitutional violations at the hands of defendants.

6. Defendants and each of them played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies and customs for the County Jail, and their unconstitutional policies, practices, procedures, and customs were the moving forces behind the constitutional violations inflicted on plaintiff.

## ALLEGATIONS COMMON TO EACH COUNT

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were louche, vile, and done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive, and/or intent, in disregard

of the clearly-established rights of plaintiff, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

9. From on or about Jan. 23, 2019 to present defendants held plaintiff as a pretrial detainee in their Twin Towers Correctional Facility, where they inflicted on him the constitutional violations set forth in the plaintiff's grievances, attached hereto and whose contents are incorporated herein by this reference, as well as other similar instances of the same kinds of unconstitutional conduct, and also did not take appropriate action to address plaintiff's grievances, thereby inflicting on plaintiff serious physical and emotional injuries.

10. Defendants as the supervisory officers responsible for the administration of the facility, are liable for the failure to take corrective action and to remedy with respect to police personnel, whose vicious propensities were notorious, and to assure proper training and supervision of the personnel, and to implement meaningful procedures to discourage lawless official conduct. This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

11. As a result of the misconduct hereinbefore described, plaintiff experienced humiliation, emotional distress, pain, and suffering, and was otherwise damaged. He was also severely physically injured as a result of conduct alleged.

12. The abuse to which plaintiff was subjected was inflicted as the result of and was caused by the institutionalized practice of the defendants, which was known to, and ratified by the non-police defendants, with those defendants having at no time taken any effective action to prevent jail personnel from continuing to engage in such abhorrent misconduct.

13. Defendants all ratified, condoned, approved of, acquiesced in, authorized, tolerated, and were the moving forces behind the institutionalized practices, and all of the misconduct hereinbefore detailed

14-68. Reserved.

## COUNT ONE
(Against All Defendants, 42 U.S.C. § 1983)

69. Plaintiff realleges specifically the allegations set forth in above averments, and, by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983, for violation of plaintiff's First, Fourth, and Fourteenth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, arrests, and excessive force, and a denial of proper medical care.

70. Defendants, each and all are responsible for the constitutional violations set forth in averment 69 and for the violations because they set the policies and accepted the customs of the Sheriff's Department, among which were unconstitutional, brutalizations, and plaintiff herein was subjected to such brutalization and thuggery.

## COUNT TWO
(Against All Defendants ,Under Sec. 1983, *Monell*)

71. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, s]ee *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis f *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) [prosecuted by plaintiff's counsel herein]." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001).

72. Defendants are liable to plaintiff because they had and have, and foster, policies, practices, procedures, and customs of First, Fourth, and Fourteenth Amendment violations by members of Sheriff Department, which policies, in

violation of the these Amendments, were the moving forces that caused the violation of the plaintiff's rights, as alleged herein, because that practice was a moving force that caused the violations of the plaintiff's rights as alleged herein.

73-82. Reserved.

## CLASS ACTION ALLEGATIONS

83. Plaintiff is a member of four classes, whose defining characteristic is that they are persons who were subjected to First, Fourth, and Fourteenth Amendment violations, at the hands of defendants, by being subjected to unreasonable failures to provide constitutionally-adequate and -required medical care, treatment, and medication while held in penal custody and confinement.

84. The Class contains approximately at least 10,000 people, so that the class each is so numerous so that joinder of all members is impracticable.

85. There are only common questions of fact and of law with respect to all class members of each class.

86. The claims made by the representative party of each class, plaintiff, are typical of the claims of each class member.

87. The representative of the class, plaintiff, more than fairly, vigorously, and zealously will represent and adequately protect the interests of all class members, both themselves and through their very zealous attorney.

88. Prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes.

89. Defendants have acted and will continue to act on grounds generally applicable to every class member in the class, and the class questions not only predominate but are the only questions that exist, and this action is the far superior

manner to other available methods for fairly and efficiently adjudicating the controversies.

90. The class members' interests in individually controlling the prosecution or defense in separate actions do not exist, and there are no anticipated difficulties in managing this class action, especially as to identification of the amount of damages, identification of class members, and providing actual notice to virtually all class members.

91. Therefore, this action is maintainable under Fed. R. Civ. P. Rule 23(a), & 23(b)(1)(A),(B)(1), (2), and (3).

92. The nature of the notice to be provided to class members would be decided by the court.

93. The definition of the class is set forth hereinabove.

**WHEREFORE**, plaintiff requests relief on behalf of himself and on behalf of each class member against each defendant as follows:

1. Compensatory damages $1,000,000;

2. Punitive damages on all non-*Monell* claims, in sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $10,000,000 per defendant;

4. The costs of action and interest;

5. Attorneys' fees; and,

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues.

### YAGMAN + REICHMANN, LLP

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

# COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## Notification of Disposition

## Incident Details

**Incident ID**
22-46-00009

**Inmate**
VERDI, MAX #5527707

**Dept Made Aware On**
11/10/2022

**Handling Unit**
TTCF Grievance Team

## Category

**Category**
Sheriff

**Synopsis**
*Verdi reports retaliation because of a former grievance because Verdi noticed deputies were huddled together and pointing at Verdi when they then started an argument with Verdi and moved Verdi to HOH housing. Once Verdi arrived it was unclean, was not provided a blanket, and was not provided toilet paper after numerous requests. Verdi believes that these actions were due to retaliation or harassment. Please investigate and provide Verdi with a clean housing area. Thank you.*

## Incident Disposition

**Complaint Type**
Complaint Against Staff

**Disposition**
Granted

**Narrative**
On November 10, 2022, the ACLU filed a grievance on your behalf alleging that Sheriff's Department personnel retaliated because of a former grievance. Inmate Verdi noticed deputies were huddled together and pointing at Verdi when they started an argument with Verdi and moved Verdi to HOH housing. Once Verdi arrived it was unclean, was not provided a blanket, and was not provided toilet paper. Your grievance has been investigated. Appropriate administrative action has been taken.

## Inmate Rights Regarding the Appeal Process:

- Inmates may only submit one (1) appeal per grievance.
- An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
- Inmates who are unable to fill out the appeal form may ask personnel for assistance.

# COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## Notification of Disposition

## Incident Details

**Incident ID**
24-25-00811

**Inmate**
VERDI, MAX #5527707

**Dept Made Aware On**
06/18/2024

**Handling Unit**
TTCF Grievance Team

## Category

**Category**
Sheriff

**Synopsis**
Verdi reports being assaulted by an unnamed deputy on 11/3/23 in Twin Towers facility. Verdi stated that the deputy smashed their head into a door frame. The ACLU filed a complaint for the same occurrence on 11/13/23, intake #LA33145. Verdi has not received an update on this grievance. Please investigate, using the appropriate use of force protocol. Thank you.

## Incident Disposition

**Complaint Type**
Duplicate - Pending

**Disposition**
Duplicate - Pending

**Narrative**
This grievance is a duplicate of another grievance you have submitted which is still being processed

Housing as of 06/20/2024 09:37  Facility: TTCF  Module: T137  Pod: A  Cell: 001L

- An appeal by an inmate must be submitted within in fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
- Inmates will be advised in writing by a supervisor the result of an appeal within 15 calendar days of the appeal submission
- New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the

_____   _____
Inmate Signature                                  Date

Housing as of 06/06/2024 13:10   *Facility: TTCF   Module: T131   Pod: A   Cell: 001L*

# COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## Notification of Disposition

## Incident Details

Incident ID
24-25-00811

Dept Made Aware On
06/18/2024

Inmate
VERDI, MAX #5527707

Handling Unit
TTCF Grievance Team

## Category

Category
Sheriff

Synopsis
*Verdi reports being assaulted by an unnamed deputy on 11/3/23 in Twin Towers facility. Verdi stated that the deputy smashed their head into a door frame. The ACLU filed a complaint for the same occurrence on 11/13/23, intake #LA33145. Verdi has not received an update on this grievance. Please investigate, using the appropriate use of force protocol. Thank you.*

## Incident Disposition

Complaint Type
Duplicate - Pending

Disposition
Duplicate - Pending

Narrative
This grievance is a duplicate of another grievance you have submitted which is still being processed

Housing as of 06/20/2024 09:37  Facility: TTCF  Module: T137  Pod: A  Cell: 001

# COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## Notification of Disposition

## Incident Details

**Incident ID**
22-46-00009

**Inmate**
VERDI, MAX #5527707

**Dept Made Aware On**
11/10/2022

**Handling Unit**
TTCF Grievance Team

## Category

**Category**
Sheriff

**Synopsis**
*Verdi reports retaliation because of a former grievance because Verdi noticed deputies were huddled together and pointing at Verdi when they then started an argument with Verdi and moved Verdi to HOH housing. Once Verdi arrived it was unclean, was not provided a blanket, and was not provided toilet paper after numerous requests. Verdi believes that these actions were due to retaliation or harassment. Please investigate and provide Verdi with a clean housing area. Thank you.*

## Incident Disposition

**Complaint Type**
Complaint Against Staff

**Disposition**
Granted

— **Narrative**
On November 10, 2022, the ACLU filed a grievance on your behalf alleging that Sheriff's Department personnel retaliated because of a former grievance. Inmate Verdi noticed deputies were huddled together and pointing at Verdi when they started an argument with Verdi and moved Verdi to HOH housing. Once Verdi arrived it was unclean, was not provided a blanket, and was not provided toilet paper. Your grievance has been investigated. Appropriate administrative action has been taken.

## Inmate Rights Regarding the Appeal Process:

- Inmates may only submit one (1) appeal per grievance.
- An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
- Inmates who are unable to fill out the appeal form may ask personnel for assistance.

# COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## Notification of Disposition

## Incident Details

**Incident ID**
24-25-00811

**Inmate**
VERDI, MAX #5527707

**Dept Made Aware On**
06/18/2024

**Handling Unit**
TTCF Grievance Team

## Category

**Category**
Sheriff

**Synopsis**
Verdi reports being assaulted by an unnamed deputy on 11/3/23 in Twin Towers facility. Verdi stated that the deputy smashed their head into a door frame. The ACLU filed a complaint for the same occurrence on 11/13/23, intake #LA33745. Verdi has not received an update on this grievance. Please investigate, using the appropriate use of force protocol. Thank you.

## Incident Disposition

**Complaint Type**
Duplicate - Pending

**Disposition**
Duplicate - Pending

**Narrative**
This grievance is a duplicate of another grievance you have submitted which is still being processed

Housing as of 06/20/2024 09:37   Facility: TTCF   Module: T131   Pod: A   Cell: 001L

- An appeal by an inmate must be submitted within in fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
- Inmates will be advised in writing by a supervisor the result of an appeal within 15 calendar days of the appeal submission
- New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the

_____          _____
Inmate Signature                                    Date

Housing as of 06/06/2024 13:10   Facility: TTCF  Module: T131  Pod: A  Cell: 001L

# COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## Notification of Disposition

## Incident Details

**Incident ID**
24-25-00811

**Dept Made Aware On**
06/18/2024

**Inmate**
VERDI, MAX #5527707

**Handling Unit**
TTCF Grievance Team

## Category

**Category**
Sheriff

**Synopsis**
Verdi reports being assaulted by an unnamed deputy on 11/3/23 in Twin Towers facility. Verdi stated that the deputy smashed their head into a door frame. The ACLU filed a complaint for the same occurrence on 11/13/23, intake #LA33145. Verdi has not received an update on this grievance. Please investigate, using the appropriate use of force protocol. Thank you.

## Incident Disposition

**Complaint Type**
Duplicate - Pending

**Disposition**
Duplicate - Pending

**Narrative**
This grievance is a duplicate of another grievance you have submitted which is still being processed

Housing as of 06/20/2024 09:37   Facility: TTCF   Module: T131   Pod: A   Cell: 0011